**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2231
_____

ARIELE CRISTINA MARTINS DE FRANCA; CLEBER DIEGO ARMANDO SILVA,
Petitioners

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of A Decision of
The Board of Immigration Appeals
(BIA-1:A201-514-250, BIA-1:A201-514-251)
Immigration Judge: Mary C. Lee
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 1, 2026
_____

Before: SHWARTZ, PHIPPS, and McKEE, Circuit Judges.

(Filed: July 8, 2026)
_____
OPINION[*]

SHWARTZ, Circuit Judge.

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Ariele Cristina Martins De Franca ("Martins") and her husband, Cleber Diego Armando Silva, Brazilian citizens, petition for review of a decision of the Board of Immigration Appeals ("BIA") dismissing their appeal of the decision of an Immigration Judge ("IJ") denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1]  The IJ denied the asylum application because (1) it was not timely filed, and no exception to the filing deadline applied, and (2) regardless, Martins had not shown past persecution or a well-founded fear of future persecution on account of a protected ground because: (a) the particular proposed social group ("PSG") was not cognizable; (b) she had not shown that she would be persecuted on account of her membership; and (c) she had not established that she held a political opinion or that one was imputed onto her.  The IJ also denied her requests for withholding and CAT relief.  The BIA adopted the IJ's decision and held that Martins was "time-barred from seeking asylum and did not meet [her] burden of proving [her] eligibility for asylum, withholding of removal," or CAT relief.[2]  App. 3.  For the following reasons, we will deny the petition.

I[3]

---

[1] Martins is the lead Petitioner, and Silva seeks asylum as her derivative beneficiary but does not seek withholding of removal or protection under CAT.

[2] Martins makes no arguments to us concerning her application for CAT relief, so any such argument is also forfeited.  See Leslie v. Att'y Gen., 611 F.3d 171, 174 n.2 (3d Cir. 2010).

[3] The IJ had jurisdiction under 8 C.F.R. §§ 1208.2(b) and 1240.1(a)(1); the BIA had jurisdiction under 8 C.F.R. §§ 1003.1(b) and 1240.15, and we have jurisdiction under 8 U.S.C. § 1252(a).  See Garcia v. Att'y Gen., 665 F.3d 496, 502 n.4 (3d Cir. 2011).

A

First, Martins does not challenge the finding that her asylum application was untimely and that none of the exceptions to the timeliness requirement apply. Therefore, she has forfeited any arguments concerning the untimeliness of their asylum application. See In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016). Accordingly, we will deny her petition for review of the asylum ruling.

B

Martins's challenge to the withholding ruling also fails. To be eligible for withholding, noncitizens must show a "clear probability" of persecution on account of a protected ground if they were removed to a certain country. I.N.S. v. Stevic, 467 U.S. 407, 429-30 (1984); 8 C.F.R. § 1208.16(b)(2); see also 8 U.S.C. § 1231(b)(3). This clear probability standard is "more demanding" than the standard for asylum, which requires showing "a subjectively genuine fear of persecution and an objectively reasonable possibility of persecution." Valdiviezo-Galdamez v. Att'y Gen., 663 F.3d 582, 590-91 (3d Cir. 2011).

---

We generally review the BIA's opinion as the agency's "final order," however, when "the BIA affirms an IJ's decision and adds analysis of its own, we review both the IJ's and the BIA's decisions, referring to the BIA's opinion generally and to the IJ's opinion when necessary." Luziga v. Att'y Gen., 937 F.3d 244, 251 (3d Cir. 2019) (internal citations and quotation marks omitted). We review legal determinations de novo and "accept factual findings if supported by substantial evidence." Sesay v. Att'y Gen., 787 F.3d 215, 220 (3d Cir. 2015) (internal quotation marks and citation omitted). Under the "deferential" substantial evidence standard, id., "the [agency's] finding must be upheld unless the evidence not only supports a contrary conclusion, but compels it," Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir. 2001); 8 U.S.C. § 1252(b)(4)(B).

The BIA adopted the IJ's ruling that Martins "cannot satisfy her burden of eligibility under withholding of removal's . . . clear probability standard." App. 17. Martins, however, argues only that she has a well-founded, objectively reasonable fear of future persecution. She does not argue that she would meet the "more demanding" clear probability standard. See Valdiviezo-Galdamez, 663 F.3d at 591. She has thus forfeited any challenge to the BIA's ruling that she has not shown a clear probability of persecution. See Vente v. Gonzales, 415 F.3d 296, 299 n.3 (3d Cir. 2005) (concluding that petitioner waived withholding and CAT claims because "his petition for review focuses on his asylum claim and makes no specific argument that the BIA's denials of his claims for withholding of removal and CAT protection were incorrect"). We therefore will not disturb the BIA's withholding ruling. See Norman v. Elkin, 860 F.3d 111, 129 (3d Cir. 2017) ("It is well settled that if an appellant fails to [preserve his argument] on a particular issue, . . . it need not be addressed by the court of appeals." (internal quotation marks and citation omitted)).[4]

---

[4] Even if we considered Petitioners' withholding request, it would fail. First, before us, the particular social group "PSG" in which Martins claims membership is "family members of João Martins de Franca," Pet. Br. at 12. (Her grandfather, João Martins de Franca ("João"), was a well-known farmer and city council member in Brazil.). Before the agency, however, she described her PSG as "[f]amily members of politicians in Brazil." App. 137. Because Petitioner raised a different PSG for the first time in her petition for review, it is not exhausted and may not be considered. See Sanchez v. Att'y Gen., 147 F.4th 348, 352 (3d Cir. 2025); see also 8 U.S.C. § 1252(d). Second, substantial evidence also supports the IJ's conclusion that Martins lacks a well-founded fear of future persecution based on her political opinion. Petitioners cite no evidence to support their claim that "[t]he evidence overwhelmingly demonstrates that [Valdir Barbalho ("Barbalho"), a city council member whom Martins believed ordered

## II

For the foregoing reasons, we will deny the petition.

---

João's murder because of his political opinions,] perceives Petitioners as carrying forward João's anti-corruption political stance." Pet. Br. at 19. Furthermore, Martins testified that she did not know why people working for Barbalho followed her sister upon her return to Brazil and her relative Vinícius Soares Cunha testified that Barbalho burned his vehicle because he hired an attorney in the family's case against Barbalho, not because of Vinícius's status as João's family member who necessarily holds João's political opinion. Thus, substantial evidence supports the IJ's conclusion that Martins lacked a political opinion and had not shown that João's political opinion would be imputed onto her.